

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-9-1998

# Burns v. Morton

Precedential or Non-Precedential:

Docket 97-5568

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Burns v. Morton" (1998). *1998 Decisions.* Paper 5.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/5

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed January 9, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 97-5568

DONALD BURNS,

        Appellant

v.

WILLIS E. MORTON, SUPERINTENDENT;
PETER VERNIERO, THE ATTORNEY GENERAL OF THE
STATE OF NEW JERSEY

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 97-cv-02507)

Submitted by the Clerk pursuant to I.O.P. Ch. 10.6
October 9, 1997

Before: BECKER, NYGAARD, and ROTH, Circuit Judges.
(MOTIONS PANEL A)

(Filed January 9, 1998)

        DONALD BURNS #210090
        Trenton State Prison, CN 861
        Trenton, NJ 08625

         Pro se

          JENNIFER L. GOTTSCHALK
          Office of Attorney General of
           New Jersey
          Richard J. Hughes Justice Complex
          Trenton, NJ 08625

            Counsel for Appellees

OPINION OF THE COURT

NYGAARD, Circuit Judge.

The district court dismissed Donald Burns' petition for a writ of habeas corpus as untimely under 28 U.S.C. S 2244(d)(1), and granted a certificate of appealability to appeal from this dismissal. We conclude that Burns' petition was timely filed under the principles set forth in Houston v. Lack, 487 U.S. 266 (1988). We will summarily reverse the dismissal, and remand the cause to the district court.

I.

Burns pleaded guilty in New Jersey Superior Court, Law Division, to multiple counts of robbery, aggravated assault, unlawful possession of a weapon, and conspiracy. On September 10, 1987, Burns was sentenced to 100 years in prison with fifty years of parole ineligibility. The Appellate Division modified his sentence to forty years with a twenty-year period of parole ineligibility. The New Jersey Supreme Court denied Burns' petition for certification.

Burns then filed a petition for post-conviction relief in state court, which denied relief. After extensive post-conviction proceedings, the New Jersey Supreme Court denied his petition for certification on September 21, 1995.

On April 22, 1997, Burns submitted his petition for a writ of habeas corpus under 28 U.S.C. S 2254, to officials at the New Jersey State Prison to be mailed to the Federal District Court for the District of New Jersey.[1] The Clerk of

_____

1. Burns provided a copy of a receipt from prison officials verifying that he submitted his habeas petition for mailing on April 22.

the district court received Burns' petition on April 28, 1997.
The district court granted Burns' application to proceed in
forma pauperis on May 5, 1997, and the Clerk docketed
Burns' habeas petition as filed on that date.

In considering whether Burns' petition was timely filed,
the district court first recognized that under Duarte v.
Hershberger, 947 F. Supp. 146 (D.N.J. 1996), the petition
could not be dismissed as untimely under the one-year
period of limitation of 28 U.S.C. S 2244(d)(1) if the petition
was filed on or before April 23, 1997. The court also noted
Burns' assertion that he had submitted his petition to
prison officials on April 22, 1997. Nonetheless, the court
concluded that Houston v. Lack, under which a pro se
prisoner's notice of appeal is considered filed at the time he
submits it to prison officials for mailing, does not apply to
habeas petitions. The court thus found that Burns' petition
was filed after April 23, 1997, and dismissed it as untimely
under S 2244(d)(1). The court also granted Burns a
certificate of appealability to appeal from this dismissal.
Burns filed a timely notice of appeal.[2]

II.

28 U.S.C. S 2244(d) provides in relevant part:

> (1) A 1-year period of limitation shall apply to an
> application for a writ of habeas corpus by a person
> in custody pursuant to the judgment of a State
> court. The limitation period shall run from . . .
>
> (A) the date on which the judgment became final

_____

2. The appellees assert that we lack jurisdiction to hear this appeal
because Burns' notice of appeal was untimely filed. The district court
entered its order dismissing Burns' petition on July 18, 1997; the
district court received Burns' notice of appeal on September 2, 1997,
well beyond the thirty-day period for filing a notice of appeal. See Fed.
R. App. P. 4(a)(1). However, Burns is incarcerated and benefits from Fed.
R. App. P. 4(c), under which an inmate's "notice of appeal is timely filed
if it is deposited in the institution's internal mail system on or before
the
last day for filing." Because Burns delivered his notice of appeal to
prison officials for mailing on August 4, 1997, his notice of appeal was
timely filed, and we have jurisdiction to hear his appeal.

3

by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. S 2244(d).

Section 2244(d) became effective on April 24, 1996, when the Antiterrorism and Effective Death Penalty Act of 1996 was signed into law. Applying S 2244(d) as of its effective date would require Burns to have filed his habeas petition before September 21, 1996, one year after his petition for certification was denied by the New Jersey Supreme Court, but less than five months after S 2244(d) became effective. Several other courts of appeals have held that applying S 2244(d) in this manner "would impermissibly `attach new legal consequences to events completed before its enactment.' " Calderon v. United States Dist. Court for the Cent. Dist. of Cal., ___ F.3d ___, 1997 WL 671283, at *4 (9th Cir. Oct. 29, 1997), quoting Landgraf v. USI Film Prods., 511 U.S. 244, 270 (1994); see Lindh v. Murphy, 96 F.3d 856 (7th Cir. 1996), rev'd on other grounds, 117 S. Ct. 2059 (1997); see also United States v. Simmonds, 111 F.3d 737 (10th Cir. 1997) (holding that 28 U.S.C. S 2255's one-year limitation cannot bar motions filed prior to April 24, 1997). These courts have fashioned a rule that "[n]o petition filed on or before April 23, 1997 -- one year from the date of AEDPA's enactment -- may be dismissed for failure to comply with [S 2244(d)(1)'s] time limit." Calderon, 1997 WL 671283, at *4. The United States Court of Appeals for the Second Circuit has articulated a somewhat more flexible rule that a habeas petitioner must be afforded a "reasonable time" after April 24, 1996, tofile his petition. Peterson v. Demskie, 107 F.3d 92, 93 (2d Cir. 1997) (finding petition filed 72 days after effective date timely under S 2244(d), even though petitioner's conviction became final in 1978).

We agree that applying S 2244(d)(1) to bar the filing of a habeas petition before April 24, 1997, where the prisoner's

4

conviction became final before April 24, 1996, would be impermissibly retroactive. Even under S 2244(d)(1)'s time limitation, would-be petitioners are afforded one full year to prepare and file their habeas petitions, and as of April 24, 1996, have been placed on notice of this time constraint. We reject the notion that petitioners whose state court proceedings concluded before April 24, 1996, should be afforded less than one year with notice. Accordingly, we hold that habeas petitions filed on or before April 23, 1997, may not be dismissed for failure to comply with S 2244(d)(1)'s time limit.

Additionally, we note that federal inmates who wish to file motions to vacate, set aside, or correct their sentences under 28 U.S.C. S 2255 must adhere to a one-year period of limitation virtually identical to that of S 2244(d)(1). See 28 U.S.C. S 2255. We recognize that the one-year period of limitation under S 2255 is not squarely presented in this case. However, for the orderly administration of justice and to provide immediate guidance to the district courts, we think it imperative that we resolve this issue now. Cf. Santana v. United States, 98 F.3d 752, 756 (3d Cir. 1996) (holding in a S 2255 case that procedural rule also applies to S 2254 petitions). Federal prisoners challenging their sentences, no less than state prisoners seeking habeas relief, are entitled to one full year with notice to file such motions. Thus, S 2255 motions filed on or before April 23, 1997, may not be dismissed for failure to comply with S 2255's one-year period of limitation.

III.

Burns, however, presented his petition to prison officials for mailing on April 22, 1997, just one day before the deadline. The Clerk of the district court received the petition on April 28, and docketed the petition asfiled on May 5. The district court concluded that Burns' petition was filed after April 23, 1997, and dismissed it as untimely under S 2244(d)(1). The district court believed it would err by applying Houston v. Lack to the filing of Burns' habeas petition. We hold that it would not.

In Houston v. Lack, the United States Supreme Court

5

held that pro se prisoners' notices of appeal arefiled at the moment of delivery to prison authorities for mailing to the district court.3 The Houston Court discussed the unique situation of pro se prisoners who cannot ensure that the court clerk will receive their notices of appeal within thirty days. The Court explained that a prisoner "has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay." Id. at 278.

We are persuaded that the same concerns expressed by the Court in Houston pertain to filing a pro se prisoner's habeas petition. We recognize that no court of appeals has held that Houston applies to the filing of a S 2254 petition for the purpose of satisfying S 2244(d)(1). Until the enactment of S 2244(d), however, prisoners were not required to meet strict filing deadlines and couldfile a habeas petition at any time.4 Applying Houston to the filing of habeas petitions was simply unnecessary.

Since the enactment of S 2244(d), at least one court has applied Houston to a motion under S 2244(b)(3) for authorization to file a second or successive S 2255 motion. In re Sims, 111 F.3d 45 (6th Cir. 1997). In so doing, the court stated that "for purposes of the one-year limitation periods established by S 2244(d)," a S 2244(b)(3) motion is deemed filed on the date that the motion is given to prison authorities for mailing. Id. at 47. Additionally, the Peterson court generalized that under Houston, the timeliness of prisoners' filings is measured from the date such papers are handed to prison authorities for mailing, and implied that a S 2254 petition would be considered filed when the

_____

3. In 1993, the Federal Rules of Appellate Procedure were amended to reflect the holding of Houston. See Fed. R. App. P. 4(c) advisory committee's note.

4. The passage of time was not completely irrelevant prior to the enactment of S 2244(d). Under Rule 9 of the Rules Governing Section 2254 Cases and the Rules Governing Section 2255 Proceedings, a "delayed" petition or motion could be dismissed if the state or the government had been prejudiced in its ability to respond due to the delay. This, however, is a far cry from the one-year time limit prescribed in S 2244(d).

petition is handed to prison authorities for mailing. See Peterson, 107 F.3d at 93.

We have applied Houston to various filings of pro se prisoners outside the context of habeas corpus. In an action under 42 U.S.C. S 1983, we extended Houston to apply to the filing of a motion for reconsideration under Fed. R. Civ. P. 59(e). Smith v. Evans, 853 F.2d 155 (3d Cir. 1988). Other courts have applied Houston to find prisoners' S 1983 complaints timely. E.g., Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993), modified on reh'g, 25 F.3d 81 (2d Cir. 1994); Garvey v. Vaughn, 993 F.2d 776, 782 (11th Cir. 1993); Lewis v. Richmond City Police Dept., 947 F.2d 733, 736 (4th Cir. 1991). Houston has also been applied to service of discovery responses, see Faile v. Upjohn Co., 988 F.2d 985, 988 (9th Cir. 1993), and to a motion for an extension of time to correct filing deficiencies regarding in forma pauperis status, see McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997).

Many have expressed their concern with the pro se prisoner's lack of control over the filing of documents, especially as compared to the control other litigants maintain, e.g., Faile, 988 F.2d at 988. We share their concern. Indeed, as we explained above, the Supreme Court's holding in Houston was founded on such concerns, and are present with equal force where a pro se prisoner places his habeas petition in the hands of prison authorities for mailing. Once he has done so, he is completely unable to ensure that the district court will receive his petition promptly; he remains entirely at the mercy of prison officials.

IV.

For these reasons, we hold that a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court. And because we see no reason why federal prisoners should not benefit from such a rule, and for the purposes of clarity and uniformity, we extend this holding to the filing of motions under S 2255.5 Finally, because we conclude that

_____

5. See supra note 3.

Houston v. Lack applies and that Burns' petition was timely filed under S 2244(d)(1), we summarily reverse and remand for the district court to consider the petition. The petition for appointment of counsel is denied as moot.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

8