OPINION OF THE COURT

SLOVITER, Circuit Judge.
Appellant Dennis McKeithan appeals the District Court’s March 12, 2002 Order dismissing his petition for a writ of habeas corpus as time-barred and ineligible for equitable tolling. McKeithan argues that he faced extraordinary circumstances that warrant an evidentiary hearing on the availability of equitable tolling. We will affirm.
I.
Because the parties are familiar with the factual and procedural history of this case, we refer only to those facts that are pertinent to the issue of equitable tolling.
McKeithan was convicted by a jury of five counts of robbery, one count of conspiracy, and one count of possession of an instrument of crime in the Philadelphia Court of Common Pleas on June 6, 1983. McKeithan was sentenced to five consecutive terms of ten to twenty years imprisonment for the robbery convictions, and five to ten additional years for conspiracy. On May 10, 1985, the Pennsylvania Superior Court affirmed. He did not seek allocatur from the Pennsylvania Supreme Court.
Between 1994 and 2000, McKeithan filed three petitions for collateral relief under Pennsylvania’s Post Conviction Relief Act (“PCRA”), 42 Pa.C.S. § 9541, alleging ineffective assistance of counsel, judicial abuse of discretion, judicial prejudice, prosecutorial misconduct, and governmental interference. McKeithan’s first PCRA petition, filed on January 12, 1994, was denied on August 7, 1995. McKeithan states that he attempted to appeal his PCRA denial, but the Clerk of Quarter Sessions eventually informed him on August 8,1996 that it had not received his appeal. On August 11, 1996, McKeithan requested that the Clerk “look into [the] situation” with his appeal. App. at 207-08. McKeithan alleges that, at some unspecified date thereafter, he filed a nunc pro tunc notice of appeal. However, there is no record of this alleged filing.
McKeithan filed a second pro se PCRA petition on January 16, 1997. The trial court denied his petition as untimely on September 18, 1997 and the Superior Court affirmed that decision on July 20, 1999. McKeithan filed for a petition for allocatur nunc pro tunc in the Pennsylvania Supreme Court on August 21, 1999, alleging that, “[d]ue to a statewide prison lockdown,” he was unable to file a timely appeal and instead mailed his appeal one day after the thirty-day filing period had expired. Appellant’s Br. at 16. The Pennsylvania Supreme Court denied the allocatur petition on February 25, 2000. McKeithan took no farther action at that time.
*57 On August 14, 2000, McKeithan filed a motion to “Correct Illegal Sentence.” The Court of Common Pleas treated this motion as a third PCRA petition, and eventually denied it on May 8, 2001.
While his motion to “Correct Illegal Sentence” was pending, McKeithan filed this habeas action pursuant to 28 U.S.C. § 2254 of the Antiterrorism and Effective Death Penalty Act (“AEDPA”) on February 26, 2001, which the District Court referred to the Magistrate Judge. On January 29, 2002, the Magistrate Judge issued a Report and Recommendation (“R & R”) to deny McKeithan’s petition as time-barred by AEDPA’s one-year statute of limitations, which requires that a state prisoner file a federal habeas petition within one year of the day on which the prisoner’s state conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A); Burns v. Morton, 134 F.3d 109, 111 (3d Cir.1998). McKeithan asked the court to equitably toll the statute of limitations for AEDPA based on his extraordinary diligence in the face of adverse circumstances. The Magistrate Judge denied that request, concluding that, even giving McKeithan the benefit of the doubt regarding his “lost” PCRA filings, he still exceeded the one-year statutory filing period in which to file his habeas action. The Magistrate Judge declined to recommend equitable tolling of the statute of limitations on the ground that McKeithan neither diligently pursued his claims nor offered a satisfactory explanation for his untimeliness. The District Court adopted the Magistrate Judge’s Report and Recommendation and dismissed McKeithan’s petition for habeas corpus.
II.
The District Court had jurisdiction under 28 U.S.C. § 2254(a) and we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. Our review of McKeithan’s equitable tolling claim is plenary. Jones v. Morton, 195 F.3d 153, 156 (3d Cir.1999).
Where a defendant’s conviction becomes final prior to the enactment of AEDPA, the one-year period begins to run on the effective date of AEDPA, April 24, 1996, which provides the defendant a period up until, and including, April 23, 1997 to file a timely petition. Burns, 134 F.3d at 111. However, the statute of limitations may be equitably tolled when a state prisoner faces extraordinary circumstances that prevent her or him from filing a timely habeas petition and the prisoner has nonetheless exercised reasonable diligence in attempting to vindicate her or his claims. Fahy v. Horn, 240 F.3d 239, 244-45 (3d Cir.2001).
We have stated that “[cjourts must be sparing in their use of equitable tolling,” Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir.1999), applying equitable tolling “only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice.” United States v. Midgley, 142 F.3d 174, 179 (3d Cir.1998) (quotations marks and citation omitted). Equitable tolling is appropriate
only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.
Miller v. New Jersey State Dep’t. of Corr., 145 F.3d 616, 618-19 (3d Cir.1998) (quotations and citations omitted); see also Jones, 195 F.3d at 159.
Because the Commonwealth of Pennsylvania does not contest that McKeithan was *58 entitled to equitable tolling from January 1994 to August 11, 1996, we focus our inquiry on the period following August 11, 1996 and need not address McKeithan’s allegations of ineffective assistance of counsel or judicial mismanagement during the pendency of McKeithan’s first PCRA petition.
McKeithan contends that he exercised reasonable diligence in the face of extremely adverse conditions and thus is entitled to an evidentiary hearing on equitable tolling under Fahy, 240 F.3d at 239; Nara v. Frank, 264 F.3d 310 (3d Cir.2001), and Miller, supra.[1] McKeithan’s reliance on Fahy, Nara, and Miller is misplaced. Fahy, which is limited to capital cases, Merritt v. Blaine, 326 F.3d 157, 170 (3d Cir.2003), involved a state prisoner facing the death penalty without alternative recourse. As we stated in Fahy, “death is different,” and the equitable considerations underlying a death-penalty case are not relevant here. Fahy, 240 F.3d at 244 (quoting Caldwell v. Mississippi, 472 U.S. 320, 329, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985)).
McKeithan’s reliance on Nara is similarly misguided. In Nara, we held that a district court could grant equitable tolling where a petitioner’s mental incompetence affected the petitioner’s ability to file a timely habeas petition and the petitioner’s attorney “led [the petitioner] to believe that [the attorney] was going to file the federal habeas petition on his behalf; and [told the petitioner] that there were no time constraints for filing a petition.” Nara, 264 F.3d at 320.[2] Here, McKeithan has made no allegations of mental illness, nor has he suggested that his attorneys deceived or misled him. Nara does not support McKeithan’s claims.
McKeithan also argues that Miller demands that the court resolve any uncertainty in his favor by granting an evidentiary hearing as to his remaining allegations that his “severely restrictive housing situation” from the early to late 1990’s diminished his access to legal resources and phone calls and caused him to miss filing deadlines. This court, however, has rejected the notion that Miller requires evidentiary hearings as of right. Appellant’s Br. at 14. We have stated:
Miller was the first case in which this court held that AEDPA’s statute of limitations may be equitably tolled in appropriate circumstances. Thus, the court [in Miller] remanded so that the District Court could consider the issue in the first instance. In contrast to the facts in Miller, here [appellant] had raised equitable tolling in the District Court, and was unsuccessful. Miller neither holds nor states that an evidentiary hearing must be held in every case where the petitioner alleges deprivation....
Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir.2002). Here, McKeithan raised equitable tolling before both the Magistrate Judge and the District Judge, and his arguments were unsuccessful; thus, there is no need to remand so the District Court may consider tolling in the first instance. Moreover, his generalized allegations of *59 restricted access to legal resources throughout the 1990’s, without more, do not advance his case for equitable tolling because such arguments do not explain his lack of diligence during periods when he was not in restrictive housing.
Critically, although there were periods in which McKeithan demonstrated diligence, McKeithan appeared to have filed nothing in state court between August 11, 1996, when he last inquired about his first PCRA petition, and January 16, 1997, when he filed his second PCRA petition. Similarly, he filed nothing between February 25, 2000, when the Pennsylvania Supreme Court denied his petition for allocatur for his second PCRA claim, and August 14, 2000, when he filed his third PCRA petition (his “Motion to Correct Illegal Sentence”). In sum, McKeithan “has not alleged facts sufficient to show that ‘sound legal principles as well as the interests of justice’ demand pursuit of the ‘sparing’ doctrine of equitable tolling.” See Robinson, 313 F.3d at 143 (quoting Jones, 195 F.3d at 159).[3] We will affirm the judgment of the District Court.

. At the close of McKeithan’s brief, he also contends that all of his filings should be considered as one continuous PCRA petition that relate back to his first timely-filed PCRA petition. Appellant’s Br. at 19-20. Because this court granted a certificate of appealability limited to the issue of equitable tolling, this question is not properly before the court.

. In Nara, we did not grant equitable tolling to the petitioner, but remanded the case to the district court with instructions to grant an evidentiary hearing to determine the veracity of the petitioner’s claims. 264 F.3d at 319-20.

. Judge Oberdorfer has written a powerful dissent in support of the application of equitable tolling on behalf of McKeithan, which would permit his petition for habeas corpus to proceed more than twenty-one years after his conviction, nineteen years after his conviction was affirmed by the Pennsylvania Superi- or Court, and nine years after his first PCRA petition was denied by the state court. Although the Commonwealth has conceded that McKeithan is entitled to equitable tolling for the period from January 1994 to August 11, 1996, the dissent includes the events during that period among the litany of the conduct it claims entitles petitioner to proceed at this late date.
The dissent relies first on the Pennsylvania mailbox rule as applied in Commonwealth v. Castro, 766 A.2d 1283 (Pa.Super.2001). However, in Castro it was conceded that the pro se PCRA petition was timely mailed and received, and the defect was in the failure of docketing. There was no comparable concession here. Although the dissent concludes that McKeithan’s initial PCRA remains pending, notwithstanding his failure to so argue in his brief, his counsel in argument before this court expressly stated in response to our inquiry that there are no PCRA petitions still pending in state court.
The dissent next argues that McKeithan was reasonably diligent. A review of the timeline of his motions does not persuade us. The dissent cites the Ninth Circuit’s application of the mailbox rule in Huizar v. Carey, 273 F.3d 1220 (9th Cir.2001), but no Pennsylvania decision has accepted the Ninth Circuit’s application of the mailbox rule, and it is not for us, as a federal court, to make that decision for Pennsylvania.
It would be unfortunate if McKeithan were serving his substantial prison term under the impression that the state system failed him, but even more unfortunate if he were given hope that he was entitled to a federal review that will never come. Equitable tolling is, after all, an extraordinary remedy rarely given. We are not convinced that this is the rare case where it is justified.