

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2005

# Stokes v. Vaughn

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4822

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Stokes v. Vaughn" (2005). *2005 Decisions.* Paper 1072.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1072

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4822
_____

MICHAEL D. STOKES,

Appellant

v.

DONALD VAUGHN, STATE CORRECTIONAL INSTITUTION GRATERFORD;
THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA;
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 00-cv-04483)
District Judge: Honorable Anita B. Brody

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 7, 2004

Before: **\*SCIRICA**, **CHIEF JUDGE,** ALITO and FUENTES, Circuit Judges

(Filed June 3, 2005)

_____

OPINION
_____

PER CURIAM

Michael D. Stokes appeals from the order of the District Court for the Eastern District

of Pennsylvania denying his § 2254 petition as barred by the statute of limitations under 28

U.S.C. § 2244(d)(1).

In 1993, Stokes was convicted by a jury of first degree murder and related crimes and was sentenced to life imprisonment plus a concurrrent term of four to fourteen years of imprisonment. The Superior Court affirmed the conviction; the Pennsylvania Supreme Court denied an allowance of appeal on December 18, 1995. On September 6, 1996, Stokes filed a petition for post-conviction relief ("PCRA petition"), which the PCRA court dismissed in 1998. The Superior Court affirmed the dismissal on August 6, 1999. Stokes did not file a timely appeal to the Pennsylvania Supreme Court. Instead, on September 30, 1999, he filed with the Pennsylvania Supreme Court a petition for permission to file a late petition for allowance of appeal ("Permission Petition"), as well as a petition for allowance of appeal. The Pennsylvania Supreme Court denied the Permission Petition on February 15, 2000.

On September 1, 2000, Stokes filed a § 2254 petition raising numerous claims of prosecutorial misconduct and ineffective assistance of trial and appellate counsel. The District Court denied the petition as untimely but granted a certificate of appealability on the issue whether the Permission Petition "should have been deemed timely filed under principles of statutory tolling." Stokes filed a timely appeal. We will affirm.

I.

Statutory Tolling

The Antiterrorism and Effective Death Penalty Act ("AEDPA") sets a statute of limitations period of one year to apply for a writ of habeas corpus challenging a state court

conviction. See 28 U.S.C. § 2244(d)(1). The limitations period begins running from the date on which the judgment becomes final by the conclusion of direct review or the expiration of time for seeking such review. Id. Stokes's judgment became final on March 17, 1996, when the ninety-day period for appeal to the U S Supreme Court lapsed. However, because Stokes's conviction became final before the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), he had a one-year grace period to file his request for habeas relief, subject to statutory tolling. See Burns v. Morton, 134 F.3d 109, 111-12 (3d Cir. 1998).

In Stokes's case, the limitations period ran 135 days from the AEDPA's effective date, April 24, 1996, to September 6, 1996, when Stokes "properly filed" his first PCRA petition. The limitations period was tolled until September 5, 1999, thirty days after the Superior Court affirmed the PCRA court's dismissal of the PCRA petition. Relying on Merritt v. Blaine, 326 F.3d 157 (3d Cir. 2003), and distinguishing Nara v. Frank, 264 F.3d 310 (3d Cir. 2001), the District Court concluded that the Permission Petition was not "properly filed" for purposes of tolling under § 2244(d)(2). The District Court determined that Stokes had 230 days, or until April 24, 2000, to file a timely habeas petition. He filed the habeas petition on September 1, 2000. The District Court ruled that Stokes's habeas petition was time-barred because it was filed about four months too late.

The District Court correctly determined that the pendency of the Stokes's Permission Petition did not toll the AEDPA statute of limitations. Almost three weeks after the time for seeking an appeal of the Superior Court's decision affirming the denial of PCRA relief,

3

Stokes sought to obtain permission from the state court to file a request to appeal <u>nunc</u> <u>pro</u> <u>tunc</u>. Once the period for filing an appeal expired on September 5, 1999, however, the PCRA petition was no longer "properly pending" or timely filed under state law. <u>See</u> <u>Artuz</u> <u>v. Bennett</u>, 531 U.S. 4, 8 (2000); <u>Merritt</u>, 326 F.3d at 158-59 (3d Cir. 2003). The fact that it is Stokes's appeal to the Pennsylvania Supreme Court and not his initial PCRA petition that was untimely does not distinguish his case. <u>See</u> <u>Merritt</u>, 326 F.2d at 166 n. 6. We conclude that Stokes's petition for allowance of appeal <u>nunc</u> <u>pro</u> <u>tunc</u> was not "properly filed" for federal habeas purposes. The District Court correctly denied the habeas petition as time-barred.

The Supreme Court's recent decision in <u>Pace v. DiGuglielmo</u>, 125 S.Ct. 1807 (Apr. 27, 2005), does not compel a different result. Stokes submitted two documents. One was the Permission Petition, and the other document was the petition for allowance of appeal <u>nunc</u> <u>pro</u> <u>tunc</u> itself. The Pennsylvania Supreme Court's denial of the Permission Petition without comment indicates that it did not accept Stokes's petition for allowance of appeal <u>nunc</u> <u>pro</u> <u>tunc</u> as properly filed under state law, and thus the pendency of Permission Petition did not result in statutory tolling.

II.

Equitable Tolling

We agree with the Magistrate Judge's findings that none of Stokes's equitable tolling claims constitutes the kind of "extraordinary circumstances" that would toll the statute of

4

limitations. See Miller v. New Jersey State Dep't. Of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998).

III.

Because no substantial question is presented by this appeal, we will affirm the District Court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6. The parties' motions for extension of time to answer the Court's show cause order are granted. Stokes's motion for leave to file an application for a certificate of appealability out of time is granted. Stokes's application for a certificate of appealability as to the additional issue of equitable tolling is denied because he failed to show that "jurists of reason would find it debatable whether the District Court was correct" in determining that none of Stokes's claims warranted equitable tolling. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Commonwealth's motion to strike Appellant's late-filed answer to the Court's show cause order is denied, and the Commonwealth's motion for summary affirmance is granted.