

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-12-2008

# USA v. Bass

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1069

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Bass" (2008). *2008 Decisions.* Paper 1451.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1451

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 07-1069
_____

UNITED STATES OF AMERICA

v.

LEE ALLEN BASS,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 99-cr-00784)
District Judge: Honorable Jan E. DuBois

_____

Submitted Under Third Circuit LAR 34.1(a)
March 4, 2008

Before: BARRY, JORDAN, and HARDIMAN, *Circuit Judges.*

(Filed March 12, 2008)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Lee Allen Bass ("Bass") appeals from the District Court's December 26, 2006

Order and Memorandum denying as untimely his motion under 28 U.S.C. § 2255 to

vacate his sentence. We will affirm.

*Background*

Because we write only for the parties, we discuss only those facts relevant to our disposition of Bass's appeal. On April 20, 2000, Bass pleaded guilty to a single count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). On February 13, 2001, the District Court sentenced Bass to 262 months imprisonment and five years supervised release. The District Court advised Bass of his right to file an appeal and informed him that he was required to file any appeal within ten days. Bass did not file an appeal.

On May 12, 2006, Bass filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255 claiming ineffective assistance of counsel. In his motion, Bass alleged that, immediately after sentencing, he instructed his trial counsel, John Griffin, to file an appeal. However, Griffin did not do so. Bass claimed in the brief accompanying his motion that he did not discover Griffin's inaction until March 2006 when he requested a copy of the docket sheet in his case from the District Court. Although he acknowledged that his motion was four years late under § 2255's one-year statute of limitations, Bass argued in the District Court that the limitations period should be equitably tolled. The somewhat contradictory reasons Bass asserted for equitable tolling are that, on the one hand, Griffin repeatedly told him, his family, and his friends that his appeal was pending, and on the other, that "Griffin completely failed to communicate" with him.

The District Court held an evidentiary hearing on Bass's motion, at which Bass testified that he asked Griffin to file an appeal at the conclusion of his sentencing hearing.

Bass also testified that he repeatedly attempted to contact Griffin by phone after the sentencing, that he asked his friends and family to call Griffin and inquire about the status of his case, and that he wrote Griffin a letter about once a year asking Griffin to get in touch with him. Bass claims that his friends and family told him that they had spoken with Griffin and been told that an appeal was pending.

Bass also testified that it was his practice to call Griffin annually in February or "when a crisis or anything else happened." (Joint Appendix ("JA") at 166-67.) Bass testified that, as a result of these calls, he spoke with Griffin on the phone on four occasions after sentencing. According to Bass, the first of these conversations took place in February, 2002. Bass alleged that, during this conversation, he asked Griffin "what was going on with my appeal issues" and that Griffin told him that "he would find out and let me know, get back with me." (JA at 164.) Bass also testified that he spoke with Griffin again in January, 2003. Bass claims that he asked Griffin "what's going on with my case" and Griffin asked him when he was sentenced, where he was incarcerated, and told him he would "get back" to him. (JA at 168.) Bass also testified that he spoke with Griffin at "some point later" in 2003. (JA at 170.) Bass said that, during this conversation, he inquired about the status of his appeal and Griffin told him to "be patient" and to "trust him." (JA at 171.) Finally, Bass testified that he tried to call Griffin "four or five times" in 2004 but that Griffin's office would not take the call. (JA at 172-73.) Bass testified that he spoke with Griffin again in 2005 and that Griffin told him that "something new came out" and that Griffin could "attach it to what I already have in."

(JA at 174.) For his part, Griffin denied that he ever spoke with Bass about an appeal, either immediately after sentencing or at some later date.

Toneeshia Bass, Bass's sister, testified that she contacted Griffin within a year of sentencing, at her brother's request, and that Griffin told her that he had filed an appeal. She further testified that she left messages for Griffin "more than seven times" but he did not return her calls and she did not speak to him again until 2005, after the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). (JA at 222, 224-25.) According to Griffin, he never spoke with Toneeshia Bass about filing an appeal; however, he recalled that in 2005 he agreed to research whether *Blakely* could provide a basis for reducing Bass's sentence, but he discontinued his research when he did not receive payment.

Sia Goldsboro, a friend of Bass's, testified that she contacted Griffin at Bass's request shortly after sentencing to try to find out more about the status of his case. (JA at 236-38.) According to Goldsboro, Griffin told her that "everything is ok ... just be patient." (JA at 238.) Goldsboro testified that she did not speak to Griffin again until "years afterwards" when they discussed *Blakely*'s potential effect on Bass's case. (JA at 238-40.) According to Griffin, he never told Goldsboro that he had filed an appeal; however, he recalled discussing with her whether *Blakely* could provide a basis for reducing Bass's sentence.

Finally, Kendra Anderson, another friend of Bass's, testified that she spoke with Bass the week after sentencing and that he asked her to contact Griffin and ask about his

4

case. Anderson further testified that she called Griffin on Bass's behalf "at least six times ... if not more" but was never able to speak to Griffin, only to his secretary. (JA at 256-57.) Griffin testified that he did not remember speaking with Kendra Anderson, nor did his file on Bass's case reflect any contact with her.

Following the hearing, the District Court ruled that Bass was not entitled to equitable tolling of § 2255's one-year statute of limitations. The Court concluded that, even if the testimony by Bass and his supporters were true, the five year gap between sentencing and the filing of his motion made equitable tolling inappropriate because that lengthy gap showed that Bass had failed to exercise the reasonable diligence required of him. However, the District Court granted Bass a certificate of appealability limited to the equitable tolling issue. Bass then filed this appeal.

*Discussion*

On appeal, Bass contends that the District Court erred in concluding that he was not entitled to equitable tolling. He also asks us to reach the merits of his ineffective assistance of counsel claim.[1]

Section 2255(f) of Title 28 provides, in relevant part, that "[a] 1-year period of limitation shall apply to a motion under this section." The limitations period began to run on the date on which Bass's judgment of conviction became final. His sentence was entered on the docket on February 21, 2001 and became final ten working days later on March 7, 2001. Fed.R.App.P. 4(b); *see also* Fed.R.App.P. 26(a). Bass's § 2255 motion was signed on May 4, 2006, and he is deemed to have filed it on that date. *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Thus, unless tolled, the one-year statute of limitations expired on March 7, 2002, and Bass's motion is untimely by over four years.

We conclude that the District Court correctly ruled that equitable tolling should not apply to Bass's § 2255 motion. "A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We have not definitively decided what standard of review governs a district court's decision not to apply equitable tolling in a § 2255 case, and we need not do so now. Under circumstances where the facts are undisputed, we have indicated that a *de novo* standard of review is appropriate. *Brinson v. Vaughn*, 398 F.3d 225, 231 (3d Cir. 2005). In Bass's case, several facts are disputed, including whether Bass instructed Griffin to file an appeal and whether Bass, his sister, or his friends discussed an appeal with Griffin. However, the District Court assumed, for purposes of its decision, that Bass's version of the facts was correct. We will make the same assumption, and since, given that assumption, no relevant facts are in dispute, we will apply a *de novo* standard of review.

some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Equitable tolling is a remedy which should be invoked "only sparingly." *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998) (*quoting Irwin*, 498 U.S. at 96).

On appeal, Bass contends that the District Court should have applied equitable tolling because the ineffective assistance of his trial counsel deprived him of an appeal he was entitled to as a matter of right. He further argues that the testimony taken at the hearing on his § 2255 motion demonstrates that equitable tolling is appropriate in his case. His arguments fall short.

Bass cites no authority for the proposition that he is entitled to equitable tolling based solely on the actions of his counsel. Our precedent establishes that Bass must show two things. One is that some "extraordinary circumstance stood in his way," *Pace*, 544 U.S. at 418, which is a difficult showing because, in non-capital cases, attorney malfeasance or non-feasance is typically not an "extraordinary circumstance" which justifies equitable tolling of a § 2255 motion. *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004). Even if we could say that Bass's attorney's conduct constituted an extraordinary circumstance in this case, however, the other half of our two-part test for equitable tolling requires Bass to demonstrate that he himself was diligent in pursuing relief. *Id.* at 77. As did the District Court, we conclude that he has not done so.

Our decision in *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236 (3d Cir. 1999), is instructive in this regard. In *Seitzinger*, the plaintiff's attorney affirmatively

7

misrepresented to his client that he had filed a timely lawsuit. *Id.* at 238. However, the lawsuit was actually filed one day late. *Id.* Prior to the filing deadline, the plaintiff called her counsel to ensure that the suit was timely filed, and she also "repeatedly" requested a copy of the complaint. *Id.* at 241. Shortly after the expiration of the filing period, the plaintiff contacted the District Court to check the status of her case and, upon learning that the complaint was untimely, contacted fifteen different attorneys in an attempt to reinstate the suit and also immediately moved to vacate the dismissal. *Id.* at 241 n.2. We concluded that the *Seitzinger* plaintiff's diligence was sufficient to justify equitable tolling. *Id.* at 242. We further noted that, because the plaintiff's suit was only one day late, the defendants could not claim prejudice as a result of the untimely filing. *Id.* at 241-42.

Unlike the *Seitzinger* plaintiff, who called her attorney prior to the filing deadline and repeatedly requested a copy of the complaint, Bass's attempts to determine the status of his case were sporadic at best. Although Bass asked his friends and family to contact Griffin on his behalf, they attempted to do so only a few times over a five year period and Bass personally adopted a policy of attempting to contact Griffin about the appeal once a year. Moreover, his § 2255 petition was untimely by more than four years, a period of sufficient length to warrant the conclusion that Bass was less than diligent in pursuing his rights. He did not even request a copy of the docket sheet in his case until March 2006, almost four years after the applicable statute of limitations had expired.

In short, the District Court correctly ruled that equitable tolling is not warranted in this case, and, accordingly, we will affirm.