Verlin ALEXANDER, Appellant

v.

U.S. Marshal Orlando FLETCHER; U.S. Marshal John Doe 2; U.S. Marshal John Doe 3; ATF Agent John Doe 1; ATF Agent John Doe 2; ATF Agent John Doe 3; FBI Agent John Doe 1; FBI Agent John Doe 2; FBI Agent John Doe 3; John Doe 1, Delaware State Police Officer; John Doe 2, Delaware State Police Officer; John Doe 3, Delaware State Police Officer; John Doe 1, Delaware Probation and Parole Officer; John Doe 2, Delaware Probation and Parole Officer; John Doe 3, Delaware Probation and Parole Officer; Delaware DEA Agent John Doe 1; Delaware DEA Agent John Doe 2; Delaware DEA Agent John Doe 3.

No. 09–4288.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Feb. 4, 2010.

Opinion filed: March 4, 2010.

Verlin Alexander, Smyrna, DE, pro se.

Shannon T. Hanson, Esq., U.S. Atty. DE, Office of United States Attorney, Wilmington, DE, for Appellee.

Before: BARRY, FISHER and GREENBERG, Circuit Judges.

## OPINION

PER CURIAM.

Verlin Alexander appeals from the District Court's order dismissing his civil rights action. We will summarily affirm.

### I.

On June 11, 2009, Alexander filed a *pro se* civil rights action in the United States District Court for the District of Delaware against United States Marshal Orlando Fletcher and seventeen John Doe defendants, pursuant to 42 U.S.C. § 1983, claiming that the defendants violated his due process and equal protection rights in connection with his allegedly unlawful arrest, search and seizure, and extradition on October 27, 2006. On September 30, 2009, 2009 WL 3149753, pursuant to its screening authority under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), the District Court dismissed the complaint as barred by the applicable limitation period for § 1983 claims. Alexander timely appealed.

### II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. Our review over a District Court's *sua sponte* dismissal of a complaint for failure to state a claim is plenary. *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000). In determining whether a district court properly dismissed a complaint under Rule 12(b)(6), we are required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and deter-

mine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir.2002)); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). We may take summary action if the appeal presents no substantial question. *See* 3d Cir. L.A.R. 24.7; I.O.P. 10.6.

### III.

The District Court correctly dismissed Alexander's claim under § 1915(e)(2)(B), as his claim lacked an arguable basis in law. Alexander's § 1983 claims are governed by the personal injury statute of limitations in Pennsylvania, the state in which his cause of action accrued.[1] *See Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir.2000). The statute of limitations for claims arising under § 1983 in Pennsylvania is two years. *Id.* Any claims filed outside this period are untimely.

A section 1983 cause of action accrues, and the applicable limitations period begins to run, when the plaintiff "knew or should have known of the injury upon which its action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir.1998). Alexander's claims stem from his allegedly unlawful arrest, which took place on October 27, 2006. (Compl.6.) On that date, Alexander knew or should have known of the constitutional violations upon which his claims are based.[2] Alexander did not file his com-

---

1. Alexander alleges that agents of the state of Delaware unlawfully arrested him in Pennsylvania. The District Court applied the Delaware statute of limitations to these claims; however, the result is the same as under Pennsylvania's statute of limitations, which is also two years for claims arising under § 1983. *Compare* 10 Del.Code Ann. § 8119, *and* 42 Pa.C.S.A. § 5524(7).

2. To the extent, if any, that Alexander's claim can be characterized as one of false imprisonment, this claim is also time barred. The statute of limitations begins to run against an action for false imprisonment when the individual is released, or becomes held pursuant to legal process. *See Wallace v. Kato*, 549 U.S. 384, 389, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). We take judicial notice of the

plaint until June 5, 2009, approximately seven months after the expiration of the two-year limitations period.[3] We agree with the District Court's conclusion that Alexander's complaint was barred on its face by the applicable statute of limitations.[4] Accordingly, we will summarily affirm.

---

**3.** The District Court found that the complaint was filed on the date it was signed, the earliest date possible that it could have been delivered to prison officials for mailing. *See Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Burns v. Morton,* 134 F.3d 109, 112 (3d Cir.1998).

fact that Alexander was committed to the Department of Corrections in default of bail on October 27, 2006, and was arraigned on November 6, 2006. (*See State of Delaware v. Verlin J. Alexander,* Superior Court Criminal Docket). Alexander's false imprisonment claim thus accrued no later than November 6, 2008. *See Wallace,* 549 U.S. at 391, 127 S.Ct. 1091.

**4.** Because Alexander was proceeding *in forma pauperis,* the District Court was entitled to reach the limitations question, which was obvious from the complaint and required no factual development. *See Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.2006).