**BLD-141**                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3328
_____

UNITED STATES OF AMERICA

v.

JAVIER LEBRON, a/k/a J,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-91-cr-00016-002)
District Judge:  Honorable Berle M. Schiller

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 19, 2015
Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: March 31, 2015)
_____

OPINION*
_____

PER CURIAM

        Javier Lebron is a federal prisoner who has been serving a mandatory sentence of

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

life imprisonment since 1991, when he was convicted on charges arising from his murder for hire of a woman to prevent her from testifying before a federal grand jury. We affirmed in 1992. See United States v. Lebron, 970 F.2d 900 (Table) (3d Cir. 1992) (No. 91-2009). Lebron did not file a motion under 28 U.S.C. § 2255 or any other collateral challenge in his criminal action for over twenty-two years.

In 2014, Lebron filed a motion in his criminal action that he captioned as one under Rules 60(b) and 60(d)(3) of the Federal Rules of Civil Procedure and that he purported to base on alleged fraud on the District Court. Lebron argued the probation office made erroneous statements of law leading the District Court to misapply the Sentencing Guidelines. He also asserted two claims that do not appear to be based on any alleged fraud—i.e., that one of his convictions constitutes a double jeopardy violation because his indictment was duplicitous, and that the District Court's jury instructions constructively amended the indictment. The Government filed a response to Lebron's motion, and the District Court dismissed the motion for lack of jurisdiction and stated that it did so for the reasons stated in the Government's response. We have jurisdiction under 28 U.S.C. § 1291 and will affirm, though on a somewhat different ground.

The Government argued that Lebron's motion was not one of the kinds of Rule 60(b) motions permitted by Gonzalez v. Crosby, 545 U.S. 524 (2005), because it asserts challenges to his convictions and sentence on the merits. Gonzalez, however, addressed Rule 60(b) motions filed in civil habeas corpus actions and the circumstances under which such motions are barred by the restrictions on filing second or successive habeas

2

petitions.  See id. at 529-30.  Lebron filed his putative Rule 60 motion in his criminal action and without previously having filed a § 2255 motion, so the District Court lacked the authority to grant relief under Rule 60 for the more fundamental reason that civil Rule 60 simply does not apply in criminal proceedings.  See United States v. Washington, 549 F.3d 905, 912 & n.6 (3d Cir. 2008).

There was no reason for the District Court to consider construing Lebron's motion as anything else.  District Courts do not have the inherent authority to vacate judgments procured by fraud in criminal cases and may instead vacate such judgments only pursuant to the authority granted by rule or statute.  See id. at 914-17.  District Courts have the authority to modify a sentence once it is imposed only under 18 U.S.C. § 3582(c) and Rule 35(a) of the Federal Rules of Criminal Procedure.  See id.  To the extent that Lebron challenged his sentence, his motion does not state grounds for relief under 18 U.S.C. § 3582(c), and he filed it long after the time limit of Rule 35(a), which is jurisdictional.  See id. at 915-16.  To the extent that Lebron sought to challenge his convictions, the appropriate vehicle for doing so is a § 2255 motion.  Lebron's time to file a § 2255 motion expired on April 24, 1997, one year after enactment of the § 2255 statute of limitations as part of the Antiterrorism and Effective Death Penalty Act of 1996.  See Burns v. Morton, 134 F.3d 109, 111-12 (3d Cir. 1998).  Lebron's claims were discoverable at trial and sentencing and thus do not potentially trigger any of the alternative starting points set forth in § 2255(f).

Lebron raises two arguments on appeal that require little discussion.  First, he argues that he is entitled to maintain an independent action to set aside his criminal judgment for fraud on the court under Herring v. United States, 424 F.3d 384 (3d Cir. 2005).  The proceeding sought to be reopened in Herring was a civil proceeding and not a criminal one, however, and District Courts do not have the inherent authority to set aside criminal judgments as explained above.  See Washington, 549 F.3d at 914.  Even if they did, Lebron does not allege the kind of "egregious misconduct . . . such as bribery of a judge or jury or fabrication of evidence by counsel" that might warrant relief from a civil judgment.  Herring, 424 F.3d at 390 (quotation marks omitted).  Second, Lebron argues that the District Court erred in dismissing his motion without permitting him to file a reply to the Government's response.  It appears that the District Court dismissed Lebron's motion the day after the Government filed its response and that Lebron's reply arrived at the District Court nine days later.  We have reviewed Lebron's reply and conclude that any error in that regard was harmless.

For these reasons, we will affirm the judgment of the District Court.