Rowland W. **DORY**, Plaintiff–Appellant,

v.

Burton T. **RYAN**, Jr., Assistant District Attorney, Nassau County; Robert Anderson, Defendants–Appellees.

Nos. 1503, 92–2790.

United States Court of Appeals, Second Circuit.

Petition for Rehearing Oct. 29, 1993.

Decided May 19, 1994.

Evan A. Davis, Cleary, Gottlieb, Steen & Hamilton, New York City (Thomas J. Moloney, James D. Merriman, Cleary, Gottlieb, Steen & Hamilton, of counsel), for plaintiff-appellant.

Robert W. Schmidt, County Atty. of Nassau County, NY (Joseph W. Ryan, Jr., Uniondale, NY, Sp. Counsel to Robert W. Schmidt), for defendants-appellees.

Before: LUMBARD, CARDAMONE, and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

Defendant-appellee Burton T. Ryan, Jr. petitions this Court for a rehearing of our decision reversing the judgment of the United States District Court for the Eastern District of New York (Platt, *C.J.*) and remanding plaintiff-appellant Rowland W. Dory's claim under 42 U.S.C. § 1983 (1988) for further consideration. *See Dory v. Ryan,* 999 F.2d 679 (2d Cir.1993). Familiarity with that opinion is assumed. Ryan argues that this Court erred by failing to consider a recent Supreme Court decision on prosecutorial immunity, and by improperly relying on a prior decision in this Circuit.

A brief recounting of the background to this litigation is necessary for understanding the issues in this petition. Dory was convicted in state court in 1981 for a narcotics offense. Eight years later, he received a notarized affidavit from Edward Strahm, a witness against Dory in Dory's trial. In the affidavit, Strahm attested that he had been coerced by Ryan, the assistant district attorney, to commit perjury at Dory's trial.

Dory subsequently commenced an action *pro se* under 42 U.S.C. § 1983 (1988) against Ryan and defendant-appellee Robert Anderson, a police officer who testified at his trial. Dory alleged that Ryan and Anderson had entered into an extra-judicial conspiracy to convict him based on perjured testimony, and that Ryan had withheld exculpatory material from the defense in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

On November 30, 1992, the district court *sua sponte* dismissed the complaint without prejudice on statute of limitations grounds and because both Ryan and Anderson were protected by absolute immunity from suit. Dory appealed both grounds, and we reversed on both. We first found that Dory's claim was not barred by the statute of limitations, because it had been submitted to prison officials within the statute of limitations. *Dory,* 999 F.2d at 681–82. This holding is not contested in this petition. On the immunity issue, we held that neither Anderson nor Ryan were protected by absolute immunity, because they were being sued for their participation in an extra-judicial conspiracy to deprive Dory of his constitutional rights. *Id.* at 683. In making that determination, we relied upon our holding in *San Filippo v. United States Trust Co.,* 737 F.2d 246 (2d Cir.1984), *cert. denied,* 470 U.S. 1035, 105 S.Ct. 1408, 84 L.Ed.2d 797 (1985), where we held that absolute immunity does not "cover extra-judicial conspiracies between witnesses and the prosecutor to give false testimony." *Id.* at 255.

Following our decision, we invited Ryan to petition this Court for rehearing pursuant to Fed.R.App.P. 40 in light of the Supreme Court's recent opinion in *Buckley v. Fitzsimmons,* —— U.S. ——, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993), which dealt with prosecutorial immunity. Ryan subsequently filed the present petition, which requests that the

rehearing be granted and that the dismissal of the complaint against him be affirmed. He argues that the decision in *Dory* is not only inconsistent with *Buckley* but also a misapplication of *San Filippo*.

■ In *Buckley*, the Supreme Court made clear that the proper analysis for determining whether particular actions of an official are absolutely immune from § 1983 liability is the "functional approach," which looks solely to the nature of the function performed. *See Buckley*, — U.S. at —, 113 S.Ct. at 2613. Absolute immunity will apply to a prosecutor's conduct that is "intimately associated with the judicial phase of the criminal process," but not to a prosecutor's acts of investigation or administration. *Id.* at —, 113 S.Ct. at 2614. The application of immunity is not limited to the duties a prosecutor performs in the courtroom. *See id.* at —, 113 S.Ct. at 2615.

Significantly, the Court clarified the holding in *Imbler v. Pachtman*, 424 U.S. 409, 430 n. 32, 96 S.Ct. 984, 994 n. 32, 47 L.Ed.2d 128 (1976) that efforts to "control the presentation of [a] witness' testimony" are within the function of the prosecutor. *Buckley*, — U.S. at —, 113 S.Ct. at 2615. The Court in *Buckley* stated:

> We have not retreated ... from the principle that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which *occur in the course of his role as an advocate for the State*, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made.

*Id.* (emphasis added).

■ This language indicates that absolute immunity protects a prosecutor from § 1983 liability for virtually all acts, regardless of motivation, associated with his function as an advocate. This would even include, for purposes of this case, allegedly conspiring to present false evidence at a criminal trial. The fact that such a conspiracy is certainly

not something that is *properly* within the role of a prosecutor is immaterial, because "[t]he immunity attaches to his function, not to the manner in which he performed it." *Barrett v. United States*, 798 F.2d 565, 573 (2d Cir.1986); *see also Daloia v. Rose*, 849 F.2d 74, 75 (2d Cir.1988) (per curiam) (holding without discussing *San Filippo* that prosecutor was immune from § 1983 liability for knowingly presenting false testimony). As much as the idea of a prosecutor conspiring to falsify evidence disturbs us—and we must note that there is nothing—absolutely nothing—but an unsubstantiated affidavit eight years after the event to accuse prosecutor Ryan—we recognize that there is a greater societal goal in protecting the judicial process by preventing perpetual suits against prosecutors for the performance of their duties. *See Imbler*, 424 U.S. at 426–428, 96 S.Ct. at 994.

■ For these reasons, we modify our extension to the present case of the *San Filippo* holding that absolute immunity does not apply to conspiracies to present false testimony at trial. The holding in *San Filippo* is based on the crucial distinction between the presentation of perjurious testimony and a conspiracy to present perjurious testimony. With regard to witnesses, the distinction is important because witnesses enjoy immunity only for their actions in testifying, and are not immune for extra-judicial actions such as an alleged conspiracy to present false testimony. The distinction is immaterial, however, with regard to prosecutors, who enjoy immunity not just for the presentation of testimony but, as discussed above, for all actions relating to their advocacy. To the extent that our earlier opinion mischaracterized *San Filippo* and improperly extended the holding of the case to prosecutors, we hereby modify that opinion.

For these reasons, we grant the petition and affirm the judgment of dismissal as to Ryan. Anderson, the police officer, was not involved with this petition, and is not affected by our granting of the petition for Ryan. In our earlier opinion, we did not distinguish between Ryan and Anderson for purposes of remand. In this petition, however, we need to explain the difference in order to demon-

strate why the allegations against Ryan must be dismissed while those against Anderson—at least at this stage—must not be.

In *San Filippo,* we held that two grand jury witnesses alleged to have been involved in an extra-judicial conspiracy with a prosecutor to present false testimony before the grand jury were not entitled to absolute immunity. 737 F.2d at 255. *San Filippo* did not involve police officers, and has not subsequently been applied to police officers. There is no reason, however, to distinguish police officers from other witnesses with regard to the "extra-judicial conspiracy exception" to absolute liability. *Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), the case that first recognized absolute immunity for witnesses, involved police officers, and we specifically distinguished *Briscoe* when creating the extra-judicial conspiracy exception in *San Filippo:*

> *Briscoe v. LaHue, supra,* was expressly limited to immunity for testimony given in judicial proceedings, and its rationale—to encourage witnesses to come forward with all they know—does not justify extending that immunity to cover extra-judicial conspiracies between witnesses and the prosecutor to give false testimony.

*San Filippo,* 737 F.2d at 255. In *San Filippo,* therefore, we were clearly aware that the exception for extra-judicial conspiracies would apply in the context of police officer witnesses, and *San Filippo* stands as the law of this Court. *Compare Malachowski v. City of Keene,* 787 F.2d 704 (1st Cir.) (holding that immunity allowed in *Briscoe* should not extend to conspiracies to present false testimony), *cert. denied,* 479 U.S. 828, 107 S.Ct. 107, 93 L.Ed.2d 56 (1986) *with Miller v. Glanz,* 948 F.2d 1562, 1570–71 (10th Cir.1991) (disagreeing with *San Filippo,* holding that immunity for witnesses applies to conspiracies to give perjured testimony); *Wilkins v. May,* 872 F.2d 190, 192 (7th Cir.1989) (extending *Briscoe* immunity to conspiracies to commit perjury), *cert. denied,* 493 U.S. 1026, 110 S.Ct. 733, 107 L.Ed.2d 752 (1990); *Alioto v. City of Shively, Ky.,* 835 F.2d 1173, 1174 (6th Cir.1987) (same).

Because there is no reason to except Anderson from application of the holding of *San Filippo,* as there is with the prosecutor Ryan, we see no reason to revise our earlier holding with regard to Anderson. We therefore decline to modify our earlier decision as to Anderson, in which we reversed the district court's judgment. Consequently, we reverse and remand the case against Anderson for further proceedings consistent with this opinion. We want to again be clear that this case comes to us on *sua sponte* dismissal, and at this point there is little evidence in the record to substantiate Dory's allegations. Further evaluation of the merit of Dory's claims will have to await future proceedings.

### CONCLUSION

For these reasons, we grant the petition for rehearing of defendant-appellee Ryan, affirm the judgment of the district court, and modify Part II of our earlier opinion accordingly. We also adhere to our judgment regarding defendant-appellee Anderson, and reverse the judgment of the district court and remand for further proceedings consistent with this opinion.