89 F.3d 826
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
David J. LINDSAY, Plaintiff-Appellant,
v.
Joseph GORDON; Del Constantino; Robert Abare; Robert
Martindale; Sheila Martin Durrom; Kay Rovelli; Violet
Robarge; John Sporano; Tanya Sporano; Anthony Roselli;
Amy Ross; John Mahar; Vaughn Therrien; Kenneth
Archambault; Harold Currier, Jr.; Linda Mahar; James
Plude, Defendants-Appellees.
 No. 95-2264.
 United States Court of Appeals, Second Circuit.
 Nov. 21, 1995.
 
 1
 Appeal from the United States District Court for the Northern District of New York. (Rosemary S. Pooler, Judge).
 
 
 2
 APPEARING FOR APPELLANT: David J. Lindsay, White Deer, Pennsylvania, pro se.
 
 
 3
 APPEARING FOR APPELLEE:James C. Woods, Assistant United States Attorney for the Northern District of New York, Albany, New York.
 
 
 4
 N.D.N.Y.
 
 
 5
 AFFIRMED.
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York, and was taken on submission.
 
 
 7
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 8
 1. Plaintiff-appellant David J. Lindsay appeals pro se from a judgment for defendants-appellees entered April 25, 1995 in the United States District Court for the Northern District of New York. We affirm the district court's sua sponte dismissal of this action brought pursuant to 42 U.S.C. § 1983 as barred by the statute of limitations substantially for the reasons set forth in the order of the district court. See Lindsay v. Gordon, No. 95-CV-42 (Lead case), slip op. (N.D.N.Y. Apr. 21, 1995). We add only that there is no basis for Lindsay's claim that equitable estoppel tolled the applicable statute of limitations, because there is no showing that defendants-appellees prevented Lindsay from discovering the perjury that allegedly occurred at his criminal trial. Cf. Dory v. Ryan, 999 F.2d 679, 681 (2d Cir.1993) (" '[W]hen the defendant fraudulently conceals the wrong, the time [to sue] does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action.' ") (quoting Keating v. Carey, 706 F.2d 377, 382 (2d Cir.1983)), modified on rehearing, 25 F.3d 81 (2d Cir.1994).
 
 
 9
 2. We deny as moot Lindsay's motion seeking relief substantially identical to that sought by his direct appeal.