104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Motunrayo IGE, Plaintiff-Appellant,
v.
UNITED STATES ATTORNEY'S OFFICE, Keith D. Krakauer, Mark A.
Kirsch, Thomas J. Farrell, Defendants-Appellees.
 No. 96-2390.
 United States Court of Appeals, Second Circuit.
 Nov. 8, 1996.
 
 Appeal from the United States District Court for the Eastern District of New York.
 APPEARING FOR APPELLANT: MOTUNRAYO IGE, PRO SE, OXFORD, WISCONSIN
 APPEARING FOR APPELLEES UNITED STATES ATTORNEY'S OFFICE, KRAKAUER, & KIRSCH: DEBORAH B. ZWANY, RICHARD M. MOLOT, ASSISTANT UNITED STATES ATTORNEY, EASTERN DISTRICT OF NEW YORK
 APPEARING FOR APPELLEE FARRELL: LEONARD WEINSTOCK, GARBARINI & SCHER, P.C., NEW YORK, NEW YORK
 E.D.N.Y.
 AFFIRMED.
 Present FEINBERG, WALKER, Jr.* and JACOBS, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York (Amon, J.), and was submitted.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.
 
 
 2
 Plaintiff-appellant Motunrayo Ige, proceeding pro se, appeals from the order of the district court dismissing his complaint.
 
 
 3
 On December 2, 1994, Ige filed a complaint alleging that the United States Attorney's Office, Assistant United States Attorneys Keith D. Krakauer and Mark A. Kirsch (collectively, the "federal defendants"), and his former Legal Aid attorney Thomas J. Farrell, deprived him of his constitutional and statutory rights. Specifically, Ige alleged that in retaliation for his refusal to accept a plea agreement, the prosecutor and his defense attorney conspired to switch his trial judge "from a black judge to a white judge." Ige, furthermore, alleged that this switch deprived him of his rights under the Fifth, Sixth, Eight, and Fourteenth Amendments to the Constitution, as well as under 42 U.S.C. § 1983.
 
 
 4
 On July 31, 1995, the federal defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12, or in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56. The federal defendants admitted that Ige's criminal case was originally assigned to Judge Sterling Johnson, an African-American, and was subsequently reassigned to Judge Denis R. Hurley, who is white. However, the federal defendants explained that Ige's case was one of seventy-eight criminal cases randomly reassigned to the newly-appointed Judge Hurley by the clerk's office and submitted a document entitled "Criminal Cases Selected Randomly to be Reassigned to Judge Denis R. Hurley."
 
 
 5
 On November 11, 1995, Farrell also moved to dismiss the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12. On January 31, 1996, the district court granted the defendants' motions to dismiss. On March 29, 1996, the district court denied Ige's motion for reconsideration. This appeal followed.
 
 
 6
 We review the district court's order dismissing Ige's complaint de novo. Graham v. Henderson, 89 F.3d 75, 79 (2d Cir.1996); Valley Disposal, Inc. v. Central Vermont Waste Management Dist., 31 F.3d 89, 93 (2d Cir.1994). Moreover, we liberally construe pleadings when the plaintiff proceeds pro se or alleges a civil rights violation. Sykes v. James, 13 F.3d 515, 519 (2d Cir.1993), cert. denied, 114 S.Ct. 2749 (1994).
 
 
 7
 A plaintiff, pursuant to 42 U.S.C. § 1983, may recover damages for the deprivation, under color of state law, of his rights, privileges, or immunities secured by the Constitution. Graham, 89 F.3d at 79. Similarly, in a Bivens action, the victim of a constitutional violation may recover damages against federal officials, despite the absence of any statute specifically conferring such a cause of action. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir.1994); Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Here, Ige claims his constitutional rights were violated by an alleged conspiracy between federal prosecutors and his defense counsel to transfer his case.
 
 
 8
 It is clear, at the outset, that Ige cannot maintain a Bivens action against the United States Attorney's Office. An action against a federal agency is barred under the doctrine of sovereign immunity unless immunity has been explicitly waived. Robinson, 21 F.3d at 510. Similarly, Ige cannot maintain an action against the federal defendants in their official capacities. Id. Therefore, these claims were properly dismissed for want of subject matter jurisdiction.
 
 
 9
 The district court also properly dismissed Ige's action against the federal defendants in their individual capacities under the doctrines of absolute and qualified immunity. The doctrine of absolute immunity shields a prosecutor from liability for virtually all acts within the scope of his duties while pursuing a criminal prosecution, regardless of motivation. Doe v. Phillips, 81 F.3d 1204, 1209 (2d Cir.1996); Dory v. Ryan, 25 F.3d 81, 83 (2d Cir.1993). Thus, to the extent that a prosecutor who seeks or acquiesces in the assignment of a trial judge acts within the "traditional function of a prosecutor," he is absolutely immune from liability. Doe, 81 F.3d at 1209. Ige asserts that the assignment of a judge is an administrative act, and that prosecutors do not enjoy absolute immunity for administrative acts. However, the assignment of judges is not an administrative task performed by prosecutors.
 
 
 10
 Even assuming, arguendo, that the federal defendants are not entitled to absolute immunity, they would be entitled to qualified immunity which shields government officials from liability for damages arising from the performance of their discretionary official functions. Ying Jin Gan v. City of New York, 996 F.2d 522, 531 (2d Cir.1993); Barr v. Abrams, 810 F.2d 358, 361 (2d Cir.1993). Under the doctrine of qualified immunity, a government official is protected against liability if a reasonable person would not have known that his conduct would violate a clearly established constitutional right. Ying, 996 F.2d at 531. Here, the federal defendants would be entitled to qualified immunity because the right to have one's case heard before a particular trial judge, or more specifically a trial judge of a particular race, has not been recognized as falling within the purview of any constitutional right. The district court, therefore, properly dismissed Ige's claims against the federal defendants. In any event, Ige's assertion that the transfer was in any way related to the race of the jurists is purely conclusory.
 
 
 11
 The district court also properly dismissed Ige's claims against Thomas Farrell, his former Legal Aid attorney. In general, the Legal Aid Society does not "act under color of state law" by virtue of the financial or other benefits it receives from the State. Lefcourt v. Legal Aid Society, 445 F.2d 1150, 1155 (2d Cir.1971). However, a public defender is not immune from liability for allegedly conspiring with state officials to deprive a criminal defendant of his federal constitutional rights. Tower v. Glover, 467 U.S. 914, 916 (1984).
 
 
 12
 Ige's complaint, however, fails to state a valid claim of conspiracy. Specifically, the complaint fails to allege a specific agreement or an overt act committed in the course of the alleged conspiracy. See 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1233 (1990). The complaint's conclusory allegations cannot withstand a motion to dismiss. Sykes, 13 F.3d at 521.
 
 
 13
 For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 Circuit Judge John M. Walker, Jr., recused himself. Two judges may determine this matter, pursuant to § 0.14 of the Local Rules of the Second Circuit