Victor J. CIPOLLA and Susan E. Martin, Plaintiffs–Appellees,

v.

The COUNTY OF RENSSELAER, County of Rensselaer Executive's Office, John Doe, an individual whose name is unknown to the plaintiffs, individually and in his capacity as an official of the County of Rensselaer, Jane Doe, individually and in her capacity as an official of the County of Rensselaer and ABC Department, an office or department of the County of Rensselaer whose identity is unknown to the plaintiffs, Defendants,

Henry Zwack, individually and as County Executive for the County of Rensselaer, Joseph Cybulski, individually and as Deputy County Executive for the County of Rensselaer, Daniel Ehring, individually and as Deputy County Attorney for the County of Rensselaer, Jack Madden, individually and as Stop DWI Coordinator for the County of Rensselaer, Defendants–Appellants.

No. 01–7106.

United States Court of Appeals, Second Circuit.

Oct. 11, 2001.

Daniel J. Stewart, Dreyer Boyajian LLP, Albany, NY, for appellant Henry Zwack.

Thomas J. O'Hern, Gerstenzang, O'Hern, Hickey & Gerstenzang, Albany, NY; on the brief, for appellant Joseph Cybulski.

E. Stewart Jones, Jr., E. Stewart Jones, LLP, Troy, NY; on the brief, for appellant Daniel Ehring.

Thomas O'Connor, O'Connor, Yoquinto & Ryan, Troy, NY; on the brief, for appellant Jack Madden.

Jeffrey L. Bernfeld, DeMatteo Bernfeld, LLP, New York, NY; Joseph R. DeMatteo, on the brief, for appellees.

Present STRAUB, KATZMANN, Circuit Judges, and CARMAN, J.*

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is DISMISSED IN PART and the judgment of the District Court is hereby AFFIRMED IN PART.

Defendants–Appellants Henry Zwack, Joseph Cybulski, Daniel Ehring and Jack Madden appeal from a non-final order of the United States District Court for the Northern District of New York (Thomas J.

---

* The Honorable Gregory W. Carman, Chief Judge of the United States Court of International Trade, sitting by designation.

McAvoy, *Judge* ) granting in part Plaintiffs Appellees' motion for reconsideration and denying in part Defendants Appellants' motion for summary judgment. Specifically, Defendants Appellants appeal that portion of the District Court's decision which denied them absolute and qualified immunity. We assume familiarity with the District Court's description of the background of the case. *See Cipolla v. County of Rensselaer*, 129 F.Supp.2d 436 (N.D.N.Y. 2001).

■ We lack jurisdiction to hear three of the issues raised on appeal: the denial of absolute witness immunity for Zwack's testimony, the denial of absolute prosecutorial immunity for Ehring's conduct, and the denial of qualified immunity for all Defendants–Appellants. As to the first two issues, the District Court found genuine issues of fact precluding a holding that immunity should apply as a matter of law. When a court denies a defendant's motion for summary judgment on an immunity defense, the defendant "may not appeal [the] district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–320, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). Absent either a more developed record of undisputed facts or the eventual findings of the fact-finder, it cannot be determined as a matter of law (1) whether Zwack was a "complaining witness" and therefore not permitted to invoke absolute witness immunity for his testimony, *see White v. Frank*, 855 F.2d 956 (2d Cir. 1988); or (2) whether Ehring was acting as an advocate, and therefore was shielded by absolute prosecutorial immunity, or rather was acting in merely an administrative or investigative role, *see Dory v. Ryan*, 25 F.3d 81 (2d Cir.1994). Therefore, pursuant to *Johnson, supra*, we lack jurisdiction as to those two issues.

■ Public officials, such as Defendants, are entitled to qualified immunity for actions taken in their official capacities if their conduct did not violate clearly established constitutional rights and if it was objectively reasonable for them to believe that their acts did not violate such rights. *See Martinez v. Simonetti*, 202 F.3d 625, 633–34 (2d Cir.2000). After finding that Plaintiffs had a clearly established right to be free from malicious prosecution, the District Court considered whether it was objectively reasonable for Defendants to believe they did not violate that right by presenting and soliciting perjured testimony, providing false documentary evidence, withholding relevant evidence, and so forth. By framing its inquiry in such terms, the District Court necessarily determined that the evidence was sufficient to support a finding that such conduct occurred. In other words, the District Court was relying upon its determination, earlier in the same opinion, that a reasonable jury could find that the acts listed actually occurred. Such determinations of evidentiary sufficiency are not reviewable on an interlocutory appeal, at least where, as here, they do not present issues "significantly different from the fact-related legal issues that likely underlie [Plaintiffs'] claim on the merits." *Johnson*, 515 U.S. at 314, 115 S.Ct. 2151. *Cf. Martinez*, 202 F.3d at 632–33.

■ Lastly, Defendants Zwack, Cybulski and Madden appeal the District Court's denial of absolute witness immunity from Plaintiffs' claim that Zwack, Cybulski and Madden conspired to present false testimony. In this Circuit, absolute witness immunity does not extend to allegations of conspiracy to present false testimony. *See Dory v. Ryan*, 25 F.3d 81 (2d Cir.1994); *San Filippo v. U.S. Trust Co. of New York, Inc.*, 737 F.2d 246 (2d Cir.1984).

Because this rule is not fact-dependent—witness immunity simply does not shield a defendant from conspiracy claims, regardless of the circumstances—the sufficiency of Plaintiffs' evidence is irrelevant. We affirm.

In sum, as to the issues of absolute witness immunity for Zwack's testimony, absolute prosecutorial immunity for Ehring's actions, and qualified immunity for all Defendants–Appellants, we lack jurisdiction, and the appeal is dismissed. As to the one reviewable issue, the District Court's denial of absolute witness immunity to Zwack, Cybulski and Madden for the alleged conspiracy, the decision of the District Court is affirmed.