08-3389-cv
Coggins v. County of Nassau

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 28th day of January, two thousand ten.

Present:  JOHN M. WALKER, JR.,
          ROBERT A. KATZMANN,
                              *Circuit Judges*,
          DENISE COTE,
                              *District Judge.*\*

---

DARRYL T. COGGINS,

                    *Plaintiff-Appellee*,

                    - v -                    No. 08-3389-cv

CRAIG BUONORA, Police Officer, in his individual
and official capacity,

                    *Defendant-Cross-Claimant-Appellant*,

COUNTY OF NASSAU,

                    *Defendant-Cross-Defendant*,

NASSAU COUNTY POLICE DEPARTMENT,

---

\* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

JAMES VARA, Police Officer, in his individual and
official capacity and JOHN DOES 1-10, in their individual
and official capacity,

                              *Defendants*.

_____

For Plaintiff-Appellee:              FREDERICK K. BREWINGTON (Scott A. Korenbaum, *on
                                     the brief*), Hempstead, N.Y.

For Defendant-Cross-Claimant
Appellant:                           LAURENCE JEFFREY WEINGARD, New York, N.Y.


        Appeal from the United States District Court for the Eastern District of New York
(Bianco, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

**AND DECREED** that the appeal is **DISMISSED** in part and the judgment of the district court is

**AFFIRMED** in part.  The case is **REMANDED** for further proceedings.

        Defendant-cross-claimant-appellant Craig Buonora appeals from a memorandum and

order of the United States District Court for the Eastern District of New York (Bianco, *J.*) dated

June 20, 2008, insofar as it denied his motion to dismiss and motion for summary judgment.  We

assume the parties' familiarity with the underlying facts and procedural history of this case.

        Ordinarily, there is no final judgment where the district court denies a motion to dismiss

or a motion for summary judgment.  However, where, as here, the appeal of those denials is

premised on the defendant's entitlement to absolute immunity, we have jurisdiction "to the extent

that the rejection [of the absolute immunity defense] turned on an issue of law." *Shmueli v. City

of New York*, 424 F.3d 231, 236 (2d Cir. 2005).

        Buonora appeals the district court's denial of his motion to dismiss, arguing that he is

2

entitled to absolute immunity from claims arising out of the perjured testimony he provided to the grand jury in the criminal case against plaintiff-appellee Darryl Coggins. In this Circuit, however, absolute immunity does not extend to allegations of conspiracy to present false testimony. *See Dory v. Ryan*, 25 F.3d 81, 84 (2d Cir. 1994); *San Filippo v. U.S. Trust Co. of N.Y.*, 737 F.2d 246, 255 (2d Cir. 1984). Although Buonora asks that we overrule these precedents, this panel is bound by those decisions. *See, e.g.*, *United States v. Frias*, 521 F.3d 229, 232 n.3 (2d Cir. 2008). Accordingly, we affirm this aspect of the district court's decision.

Buonora also challenges the district court's decision that it could not determine, based on the record before it, whether Buonora was a complaining witness who would not be entitled to absolute immunity. Absent a more developed record of undisputed facts, we are unable to determine as a matter of law that Buonora was not a complaining witness. Consequently, we lack jurisdiction to consider this issue. *See White v. Frank*, 855 F.2d 956, 962 (2d Cir. 1988).

We have considered all of Buonora's remaining arguments and find them to be without merit. Accordingly, insofar as Buonora challenges the district court's decision that it could not determine whether Buonora was a complaining witness, we lack jurisdiction, and the appeal is **DISMISSED**. As to the district court's decision that Buonora is not entitled to absolute immunity because of the extra-judicial conspiracy exception, the judgment of the district court is hereby **AFFIRMED**. We **REMAND** the case for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3