*Johnson v. New York City Police Dep't*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand sixteen.

PRESENT:
> PETER W. HALL,
> GERARD E. LYNCH,
> DENNY CHIN,
>
> *Circuit Judges.*

---

**Vandyke Johnson,**

   *Plaintiff-Appellant*,

  **v.**            **15-1379**

**New York City Police Department, et al.,**

   *Defendants-Appellees***.**

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Vandyke Johnson, pro se, New York, New York. |
| **FOR DEFENDANTS -APPELLEES:** | Christina F. Ante, Assistant District Attorney, New York County District Attorney's Office, New York, New York, *for* Defendants-Appellees District Attorney Cyrus R. Vance, Jr., and Assistant District Attorney Karen Edelman Clarke. |

Zachary W. Carter, New York City Law Department, New York, New York, *for* Defendants-Appellees New York City Police Department, Detective Mark Fishstein, Police Officer John Russo, Police Officer David Denizard, Sergeant David Chung, New York City Department of Probation, Probation Officer Ellen Watson-Suber, City of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Vandyke Johnson, proceeding pro se, appeals the district court's judgment dismissing sua sponte his 42 U.S.C. § 1983 complaint against the City of New York ("City"), the New York City Police Department ("NYPD"), the New York City Department of Probation ("DOP"), NYPD officers, district attorneys, and a probation officer. The district court dismissed his claims on the grounds that Johnson failed to state a claim, he sought monetary damages from defendants who were immune from such relief, and his claims were barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's dismissal of a complaint under 28 U.S.C. § 1915(e)(2). *Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all

allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

## I.    *Heck* **Bar**

Johnson challenges the district court's application of the *Heck* bar and contends that the court misconstrued his complaint as raising a malicious prosecution claim when he actually asserted a *Brady* claim. Under *Heck*, a claim for damages is "not cognizable under § 1983" if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. If it would, then the claim is *Heck*-barred, and "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* "*Brady*-based § 1983 claims necessarily imply the invalidity of a challenged conviction in the trial (or plea) in which the *Brady* violation occurred" because "the remedy for a *Brady* violation is vacatur of the judgment of conviction and a new trial." *Poventud v. City of New York*, 750 F.3d 121, 132-33 (2d Cir. 2014) (en banc) (emphasis omitted). Thus, a *Brady* claim is not cognizable under § 1983 unless the challenged conviction has been invalidated.

Construing Johnson's complaint in the manner he proposes, the result remains the same: Johnson's *Brady* claim is *Heck*-barred. Johnson has not alleged, either in his complaint or on appeal, that his assault conviction has been invalidated in any way. To the contrary, he stated that the state court denied his motion to vacate his conviction. On appeal, Johnson argues that *Poventud* alters this result. He is incorrect. Johnson's situation is distinguishable from that of the plaintiff in *Poventud*, who secured a state court judgment vacating his conviction and then pleaded guilty to a lesser charge and was released on time served. *Id.* at 126-27. By contrast, Johnson has not alleged that he ever obtained an invalidation of his state court conviction.

3

## II.  Claims against NYPD and DOP

Johnson's claims against the NYPD and the DOP fail because those entities are not subject to suit.   Under New York Law, "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter Ch. 17 § 396; *see Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (citing N.Y.C. Charter Ch. 17 § 396) (affirming the district court's dismissal of claims against the NYPD as a non-suable entity).   As a New York City agency, the NYPD may not be sued, and Johnson's claims against it fail. Although the district court did not address Johnson's claims against the DOP, it is also a New York City agency and so those claims fail for the same reason.   *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006) (holding that this Court may affirm on any basis apparent in the record).

## III.  Claims against the City

Johnson also failed to state a claim against the City.   "To hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right."   *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (internal quotation marks and alterations omitted); *see Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690-91 (1978).   Accordingly, "a municipality cannot be made liable [under § 1983] by application of the doctrine of *respondeat superior*," *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986), but rather the plaintiff must "demonstrate that, through its deliberate conduct, the municipality was the

4

moving force behind the alleged injury," *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008) (internal quotation marks omitted).

Johnson fails to state a claim for municipal liability. His complaint states in a conclusory fashion that the City's policies led to violations of his constitutional rights, reciting the elements of the *Monell* claim without providing any details that would allow the inference of any custom or policy. Johnson argues on appeal that the district court ignored the attached documents that purportedly showed that the NYPD fabricated evidence and that its officers abused him. However, he does not explain how (nor is it otherwise apparent that) those documents give rise to an inference that the City had a custom or policy that caused the purported constitutional violations.

## IV.    Claims against Prosecutors

The district court properly dismissed Johnson's claims against District Attorney Cyrus Vance, Jr. and Assistant District Attorney Karen Edelman Clarke because they were entitled to absolute immunity. *See Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) ("A prosecutor acting in the role of an advocate in connection with a judicial proceeding is entitled to absolute immunity for all acts 'intimately associated with the judicial phase of the criminal process.'" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) ("[A]bsolute immunity protects a prosecutor from § 1983 liability for virtually all acts, regardless of motivation, associated with his function as an advocate.").

## V.    Claims against Probation Officer Watson-Suber

The district court's order of dismissal did not explicitly address Johnson's claims against Probation Officer Watson-Suber. *See* ROA doc. 6. However, Johnson's appellate brief does not

challenge the dismissal of those claims, and so he has abandoned the issue. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (concluding that pro se appellant abandoned issue by failing to raise it in his appellate brief).

**VI.     Leave to Amend**

The district court dismissed Johnson's complaint without granting him an opportunity to amend or discussing whether leave to amend would be appropriate. Generally, a pro se plaintiff should be granted at least one opportunity to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, leave to amend is not required if it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011). Here, leave to amend would be futile because amendment cannot cure the deficiencies in Johnson's complaint. Moreover, all of Johnson's § 1983 claims appear to be untimely. The statute of limitations for a § 1983 claim accruing in New York is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (citing N.Y. C.L.P.R. § 214). Johnson's claims arise out of his 2003 conviction, but he did not file his complaint until 2014, well after the three-year statute of limitations expired.

We have considered all of Johnson's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6