16-3980
Morales v. Weiss

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand eighteen.

PRESENT:
>      DENNIS JACOBS,
>      REENA RAGGI,
>      PETER W. HALL,
>           Circuit Judges.

_____

Santos Morales,

>      **Plaintiff-Appellant**,

>      v.                                                        16-3980

Steven Weiss, Mitchell Rubin,

>      **Defendants-Appellees**,

Michael Mulhall, Ramon Gibson, Terry

**Lauf, Anna Futyma, John Doe, ASA, Joseph Darling, Leo C. Arnone, City of Stamford, Jessica Bloomer, Richard Roe, Officer, Andrew Czubatyi, Richard Phelan,**

**Defendants.**

_____

FOR PLAINTIFF-APPELLANT:              Santos Morales, <u>pro se</u>, Stamford, CT.

FOR DEFENDANTS-APPELLEES:       Stephen R. Finucane (Terrence M. O'Neill, Neil Parille, <u>on the brief</u>) Assistant Attorneys General, <u>for</u> George Jepsen, Attorney General of the State of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Santos Morales, <u>pro se</u>, filed a 42 U.S.C. § 1983 complaint against two state prosecutors, Steven Weiss and Mitchell Rubin. Morales asserted that after his arrest for felony possession of a firearm, defendants refused to contact witnesses on his behalf and asked Immigration and Customs Enforcement ("ICE") to place a detainer on him after he filed a bond motion. Morales was placed in immigration detention by ICE for approximately three months, then returned to state custody for approximately nineteen months, and finally discharged back to ICE after the state dropped the charges against him in April 2011. The district court granted summary judgment for the defendants, finding

2

that Weiss and Rubin were entitled to absolute immunity for their decision not to interview witnesses, and Weiss was entitled to qualified immunity for contacting ICE. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's grant of summary judgment de novo and focus on whether the district court properly concluded that there was no genuine issue as to any material fact. See Sotomayor v. City of New York, 713 F.3d 163, 164 (2d Cir. 2013). "Absolute immunity bars a civil suit against a prosecutor for advocatory conduct that is intimately associated with the judicial phase of the criminal process," Giraldo v. Kessler, 694 F.3d 161, 165 (2d Cir. 2012) (internal citation and quotation marks omitted), and applies to "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate," Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994). Defendants "are entitled to qualified immunity if they can establish either that (1) a constitutional right was not violated or (2) the right was not clearly established." Royal Crown Day Care LLC v. Dep't of Health and Mental Hygiene of City of New York, 746 F.3d 538, 543 (2d Cir. 2014) (internal citation, alteration, and quotation marks omitted).

The district court properly granted summary judgment, and we affirm for substantially the reasons stated by the district court in its July 19, 2016 decision: Weiss and Rubin were entitled to absolute immunity for their decision not to contact witnesses, see Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); and Weiss was entitled to qualified immunity for contacting ICE because that act did not violate any clearly established constitutional or statutory right, see Royal Crown Day Care, 746 F.3d at 543.

We have considered all of Morales's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3