19-955-cv
*Corley v. Wittner et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty.

PRESENT:    GUIDO CALABRESI,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ROYCE CORLEY,
                    *Plaintiff-Appellant,*

            -v-                                    19-955-cv

BONNIE G. WITTNER, J.S.C, MICHAEL J. BARRY,
PORTS & FILES, INC., GLENN F. HARDY, ESQ.,
GLENN F. HARDY, P.C., CYRUS R. VANCE, JR.,
JOHN TEMPLE, DAVID STUART, GREG WEISS,
JOHN DOE, CITY OF NEW YORK,
                    *Defendants-Appellees.*\*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*       The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

FOR PLAINTIFF-APPELLANT: Royce Corley, *pro se*, Brooklyn, New York.

FOR DEFENDANTS-APPELLEES: David Lawrence III, Assistant Solicitor General, Anisha S. Dasgupta, Deputy Solicitor General, Barbara Underwood, Solicitor General, *for* Letitia James, Attorney General of the State of New York, New York, New York, *for Defendant-Appellee Bonnie G. Wittner.*

Ingrid R. Gustafson, John Moore, Assistant Corporation Counsel, *for* James E. Johnson, Corporation Counsel of the City of New York, New York, New York, *for Defendant-Appellee City of New York.*

Christina F. Ante, Assistant District Attorney, *for* Cyrus R. Vance Jr., District Attorney of New York County, New York, New York, *for Defendants-Appellees Cyrus R. Vance, Jr., John Temple, David Stuart, and Greg Weiss.*

Andrew S. Kowlowitz, Furman Kornfeld & Brennan LLP, New York, New York, *for Defendants-Appellees Glenn F. Hardy, Esq. and Glenn F. Hardy, P.C.*[1]

Appeal from the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and orders of the district court are **AFFIRMED.**

---

[1] Defendants-appellees Michael J. Barry and Ports & Files, Inc. did not file an opposition brief in response to Corley's appeal.

Plaintiff-appellant Royce Corley, *pro se*, appeals from the May 17, 2018 order of the district court denying his motion for default judgment against defendants-appellees Justice Bonnie G. Wittner, Michael J. Barry, Ports & Files, Inc., and the City of New York (the "City") pursuant to Federal Rule of Civil Procedure 55(a); the June 19, 2018 order of the district court denying his motion for recusal pursuant to 28 U.S.C. § 455; and the judgment of the district court, entered March 27, 2019, dismissing Corley's federal claims against Justice Wittner, Barry, Ports & Files, Inc., the City, and additional defendants-appellees Glenn F. Hardy, Glenn F. Hardy, P.C., Cyrus R. Vance, Jr., John Temple, David Stuart, and Greg Weiss (collectively, "defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6), declining to exercise supplemental jurisdiction over the state law claims, and denying leave to amend.

The complaint alleged, *inter alia*, that defendants obstructed justice, violated Corley's rights to privacy, a speedy and fair trial, and equal protection, and committed "outrageous" government conduct in connection with the criminal investigation that led to state charges against him for felony promotion of prostitution in 2012. Dist. Ct. Dkt. No. 2 at 3. Specifically, Corley alleged that prosecutors from the District Attorney's Office of New York County ("DANY") conspired with a state judge and his own legal defense team to violate his rights, and that the City maintained policies that permitted these acts. The state criminal charges were eventually dismissed after Corley was indicted in federal court on related charges. He was convicted in 2014

3

of sex trafficking a minor and possession of child pornography. This Court affirmed his convictions in 2017, *see United States v. Corley*, 679 F. App'x 1 (2d Cir. 2017) (summary order), and the Supreme Court denied Corley's petition for certiorari, *Corley v. United States*, 138 S. Ct. 205 (2017). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We affirm for substantially the reasons set forth by the district court in its thorough and well-reasoned decisions. The district court correctly held that the state court judge and prosecutors were absolutely immune from suit as to Corley's speedy trial, fair trial, and obstruction of justice claims, *see, e.g.*, *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (noting that "judges generally have absolute immunity from suits for money damages for their judicial actions," and that "even allegations of bad faith or malice cannot overcome judicial immunity"); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (stating that "absolute immunity protects a prosecutor from § 1983 liability for virtually all acts, regardless of motivation, associated with his function as an advocate"), and that Corley's remaining claims against those defendants were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), *see Poventud v. City of New York*, 750 F.3d 121, 124 (2d Cir. 2014) (holding that *Heck* "precludes the use of § 1983 suits for damages that necessarily have the effect of challenging existing state or federal criminal convictions"). The federal civil rights claims against the members of Corley's defense team failed because they were not state actors. *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)

4

("[C]ourt-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act under color of state law and therefore are not subject to suit under 42 U.S.C. § 1983." (internal quotation marks omitted)). And Corley failed to state a plausible claim for municipal liability against the City. *See, e.g.*, *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (discussing requirements for *Monell* liability).

\* \* \*

We have considered Corley's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment and orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk